# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-50539
Summary Calendar

ADRIAN PALMER

                    Plaintiff-Appellant

v.

AT&T; SOUTHWESTERN BELL

                    Defendant-Appellee

-----------------------------------------------------

ADRIAN PALMER

                    Plaintiff-Appellant

v.

SBC/AT&T

                    Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-350
USDC No. 1:06-CV-478

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Adrian Palmer filed two pro se civil actions, later consolidated, challenging his termination of employment with AT&T, claiming: AT&T violated the Family Medical Leave Act (FMLA). Summary judgment was awarded AT&T.

AT&T maintains Palmer filed an untimely notice of appeal and, therefore, this court is without jurisdiction. Because Palmer filed his notice of appeal within 30 days of the entry of judgment, we have jurisdiction. See FED. R. APP. P. 4(a)(1)(A).

Proceeding pro se, Palmer maintains he was terminated despite his need for treatment for an automobile accident, and his need to care for his wife's injuries. He asserts, conclusionally, that his termination thus violated the FMLA. Palmer does not respond, however, to the district court's finding Palmer provided inadequate documentation to his employer indicating his entitlement to leave and protection under the FMLA. He also provides no challenge to the district court's ruling Palmer's termination was not retaliatory because AT&T proffered a nondiscriminatory reason for the discharge.

A failure to identify an error in the district court's analysis has the same effect as if the appellant had not appealed the judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Moreover, Palmer's conclusional assertion that AT&T violated federal law is insufficient to overcome summary judgment. See Michaels v. Avitech, Inc., 202 F.3d 746, 754-55 (5th Cir. 2000).

Palmer also claims: he was denied disability benefits, in violation of the Employee Retirement Income Security Act (ERISA); and, AT&T obtained information from Palmer's health care providers without obtaining his consent,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in violation of the Health Insurance Portability and Accountability Act (HIPAA). These claims were not asserted in district court, however, until after summary judgment had been awarded AT&T and, understandably, were not decided by the district court.

Palmer fails to address the district court's not considering these untimely claims. Palmer's "oblique reference" to these allegations is insufficient to allow consideration of his claims or to overcome summary judgment. See Michaels, 202 F.3d at 754-55; Rutherford v. Harris County, Tex., 197 F.3d 173, 193 (5th Cir. 1999).

AFFIRMED.